# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #046

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **22nd day of September, 2017**, are as follows:

**PER CURIAM**:

2016-C-1443        JOHN W. SMITH v. HIGHLINES CONSTRUCTION CO., INC., AND THE GRAY
                   INSURANCE COMPANY
                   In light of our opinion in Burgess v. Sewerage & Water Board of
                   New Orleans, 16-2267 (La. 6/29/17), ___ So. 3d ___, the judgment
                   of the court of appeal is vacated and set aside insofar as it
                   finds claimant was not entitled to reimbursement.  The case is
                   remanded to the Office of Workers' Compensation for a
                   determination, consistent with the interpretation of La. R.S.
                   23:1203(A) set forth in Burgess, of whether the out-of-state
                   pharmacy's services were not available in Louisiana or whether
                   the out-of-state pharmacy can provide services for comparable
                   costs to those of a Louisiana pharmacy. In all other respects,
                   the judgment of the court of appeal is affirmed.

                   WEIMER, J., dissents and assigns reasons.
                   GENOVESE, J., concurs in the result and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2016-C-1443

JOHN W. SMITH

VERSUS

HIGHLINES CONSTRUCTION CO., INC., AND
THE GRAY INSURANCE COMPANY

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND
CIRCUIT, OFFICE OF WORKERS' COMPENSATION DISTRICT 1E

PER CURIAM

In light of our opinion in *Burgess v. Sewerage & Water Board of New Orleans*, 16-2267 (La. 6/29/17), ___ So. 3d ___, the judgment of the court of appeal is vacated and set aside insofar as it finds claimant was not entitled to reimbursement. The case is remanded to the Office of Workers' Compensation for a determination, consistent with the interpretation of La. R.S. 23:1203(A) set forth in *Burgess*, of whether the out-of-state pharmacy's services were not available in Louisiana or whether the out-of-state pharmacy can provide services for comparable costs to those of a Louisiana pharmacy. In all other respects, the judgment of the court of appeal is affirmed.

# SUPREME COURT OF LOUISIANA

### No. 2016-C-1443

### JOHN W. SMITH

### VERSUS

### HIGHLINES CONSTRUCTION CO., INC., AND THE GRAY INSURANCE COMPANY

*On Writ of Certiorari to the Court of Appeal, Second Circuit,*
*Office of Workers' Compensation District 1E*

**WEIMER, J.**, dissenting.

Having granted the writ of certiorari in this matter, I would issue a full opinion based upon the record before this court.

SUPREME COURT OF LOUISIANA

No. 2016-C-1443

JOHN W. SMITH

VERSUS

HIGHLINES CONSTRUCTION CO., INC. AND
THE GRAY INSURANCE COMPANY

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND
CIRCUIT, OFFICE OF WORKERS' COMPENSATION DISTRICT 1E

**GENOVESE, J., concurs in the result and assigns reasons.**

I concur with the majority's remand only to the extent of having the Office of Worker's Compensation determine whether the out-of-state pharmacy services were not available in Louisiana or whether the out-of-state pharmacy can provide services for comparable costs to those of a Louisiana pharmacy. In all other respects, and particularly with respect to the issue of choice of pharmacy in a worker's compensation case, I maintain the position which I previously articulated in my dissent in *Burgess v. Sewerage & Water Board of New Orleans,* 16-2268 (La. 6/29/17), __ So.3d __, that the choice of pharmacy does not necessarily rest with the employer.